J. Ochoa & Brother, Plaintiffs and Appellees, *v.* De Jesús, Municipal Judge, Respondent and Appellant.

Appeal from the District Court of San Juan, Section 1, in Mandamus Proceedings.

No. 1769.—Decided April 12, 1918.

Attachment—Effectiveness of Judgment—Security.—A judge has no discretionary power to require that personal security furnished to secure the effectiveness of a judgment shall specify the particular real property which is to respond therefor, for the law requires no such specification.

The facts are stated in the opinion.

*Messrs. E. T. Fiddler,* Assistant Attorney General, and *N. R. Canales* for the appellant.

*Mr. Francisco Soto Gras* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

J. Ochoa & Brother brought an action of debt in the Municipal Court of San Juan and moved for an attachment against the property of their debtor to secure the effectiveness of the judgment which might be rendered. The court required them to furnish security in a given sum, but refused to grant the attachment when a personal undertaking was offered. Thereupon the plaintiffs applied for a writ of mandamus to the district court, which, after hearing the municipal judge, ordered him to issue the writ of attachment.

The only reasons assigned by the municipal judge in the lower court as grounds for not granting the attachment and now repeated as a plea for the reversal of the judgment appealed from, are as follows: (1) That the plaintiff refused to specify in the surety bond the particular real property which should secure the adverse party as required, and the court, in the exercise of its discretion, considered this proper and just in the said action for the due protection of the said party; (2) that the bond does not conform to the printed form provided in such cases and placed at the disposal of the parties and the courts by the Department of Justice.

The act to secure the effectiveness of judgments authorizes an attachment when the obligation is not set forth in a public document upon giving security to answer for any damages which the defendant may suffer as a result of the attachment, and sections 6, 7 and 8 of the said act enumerate the requirements as to personal, mortgage, or cash security. In the case of personal security, the act provides that it can be given by those who pay into the Treasury of Porto Rico, in the capacity of real-estate owners, a tax on property representing a capital double the amount of the bond required by the court for ordering the attachment. The act does not require that a bond of this kind shall specify, as maintained by the municipal judge, the particular real property which is to respond, therefore the municipal judge has no authority to exact such specification. The case before us is one in which the judge has no discretional power to require that

such a specification should be made. His authority in this regard is limited to considering whether the statutory requirements have been complied with, but he cannot impose other conditions, and if he does so it is not done in the exercise of a discretional power and consequently a writ of mandamus lies. Section 6 of the act guarantees the rights of the defendants against personal security by indicating the course to be followed by them when they wish to protect themselves against security of this kind. Nor does section 355 of the Code of Civil Procedure, which treats of the way in which a personal undertaking shall be made, exact the requirement insisted on by the municipal judge in this case.

The second ground of error relied on by the appellant cannot be sustained. There is no statutory provision requiring that the bond shall be executed on printed forms prepared by the Department of Justice. If the bond furnished in this case is framed according to law—and the municipal judge does not assert the contrary—the fact that it was not executed on the said printed forms was no ground for refusing to approve it.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.